**ESSO EXPLORATION AND PRODUCTION CHAD, INC.,**
Plaintiff–Appellee,

v.

**TAYLORS INTERNATIONAL SERVICES, LTD.,** Defendant–Appellant.

No. 06–5673–cv.

United States Court of Appeals, Second Circuit.

Sept. 17, 2008.

Ronald C. Minkoff (Cameron A. Myler, of counsel), Frankfurt Kurnit Klein & Selz PC, New York, NY, for Appellant.

Reagan M. Brown (Charles J. Rother, Mark A. Robertson, Fulbright & Jaworkski LLP, New York, NY, on the brief), Fulbright & Jaworkski LLP, Houston, TX, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Taylors International Services, Ltd. appeals from the judgment of the District Court confirming an award of the International Court of Arbitration of the International Chamber of Commerce. On appeal, defendant raises three principal challenges: (1) the District Court erred by reviewing the arbitration award for manifest disregard of the law instead of *de novo* as required by the arbitration agreement; (2) the arbitrator exceeded his authority under the arbitration agreement by awarding consequential damages in violation of specific contractual language and in dismissing defendant's conversion claim; and (3) the District Court erred in confirming the declaration award because it was not a "final and definite" as required by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(d). We assume the parties' familiarity with the facts and procedural history of the case.

Judicial review of arbitration awards is "severely limited." *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 28 (2d Cir. 2000). A reviewing court evaluates an award for "manifest disregard of the law." *Id.* To vacate an arbitration award, a reviewing court must find "both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit,

and clearly applicable to the case." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 821 (2d Cir.1997) (internal quotation marks and alterations omitted). We review a district court's determination of whether the arbitrator acted in manifest disregard of the law *de novo*. *See, e.g., Bear, Stearns & Co., Inc. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir.2005).

█ Defendant's argument that the parties contracted for a heightened standard of review is squarely foreclosed by the Supreme Court's recent decision in *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. ——, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) (holding that the FAA does not permit "expandable judicial review" through contract). Accordingly, the District Court did not err by reviewing the award under the manifest disregard-of-the-law standard.[1]

█ We agree with the District Court that the arbitrator did not act in manifest disregard of the law in awarding plaintiff damages for the Chadian judgments, and related charges and expenses, and in dismissing defendant's conversion claim. The arbitrator cited the applicable rules under New York law for determining whether damages are consequential damages and for evaluating conversion claims and provided a justification for his conclusions. Taylors concludes that the arbitrator's award of damages arising from the Chadian court judgments was "a legal ruling the Arbitrator got wrong," and that his disposition of the conversion claim was "another

---

1. We note that one district court in our Circuit has recently held that, after *Hall Street*, "the manifest disregard of the law standard is no longer good law." *Robert Lewis Rosen Associates Ltd. [RLR] v. Webb*, 566 F.Supp.2d 228, 233 (S.D.N.Y.2008); *see also Ramos–Santiago v. UPS*, 524 F.3d 120, 124 (1st Cir. 2008) ("[M]anifest disregard of the law is not a valid ground for vacating or modifying an arbitral award in cases brought under the FAA."). We express no opinion as to the correctness of this decision. Rather, in light of the fact that the manifest disregard standard has so clearly been satisfied in this case, and that confirmation of the arbitral award is so plainly warranted, we see no useful purpose to be served here by a discussion of the standard's continued validity.

legal ruling that the Arbitrator got wrong." (Grey 12, 19). But this is, of course, of no moment because the law of this Circuit is plain that "[a] federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law." *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir.2004) (collecting cases). Accordingly, we cannot say that the arbitrator refused to identify or ignored the applicable legal principles. *See DiRussa*, 121 F.3d at 821.

We also agree that the arbitration award was "final and definite." 9 U.S.C. § 10(d). The arbitrator decided both liability and damages on the claims presented. *See Michaels v. Mariforum Shipping, SA*, 624 F.2d 411, 413–14 (2d Cir.1980) ("Generally, in order for a claim to be completely determined, the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages.").

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.